■ In the Matter of the Claim of JOYCE STOEVER, Respondent, v. SHERATON ASTOR W. L. HOTEL OPERATING CO. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board holding that an award to claimant was chargeable to the carrier rather than the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. The sole question presented here is the propriety of the board's determination denying the liability of the Special Fund for the award rendered pursuant to section 25-a. On February 7, 1956 claimant, a waitress, slipped and fell on a flight of stairs at the Hotel Astor sustaining injuries to her back. She was awarded and paid compensation for temporary partial disability at various rates until October 17, 1959, when the carrier stopped payments because claimant refused to be examined by its doctors. After extensive hearings on the question of whether claimant's disability after October 17, 1959 was causally related to the 1956 accident the Referee closed the case on April 24, 1961 " until such time as claimant agrees to submit to examination by an impartial specialist." The board restored the case to the Referee's calendar on September 26, 1961, " for further development on the question of disability." However, claimant failed to appear at hearings scheduled for December 4, 1961 and January 31, 1962 and upon her second nonappearance, the Referee marked the case " closed on previous awards for nonappearance." Thereafter on April 29, 1965, claimant requested review of the Referee's closing of the case and on May 27, 1965 the board directed that the case be " reopened " and restored to the calendar with notice to the Special Fund. After a hearing the Referee made an award for continued partial disability for the period October 17, 1959 to September 1, 1960, and directed that it be paid by the carrier. Eventually, the board, holding that the case had never been " closed " since further proceedings were contemplated even after it was marked " closed " for claimant's nonappearance, affirmed the Referee's determination that the carrier was liable and the instant appeal ensued. Clearly the case was " closed " for claimant's nonappearance in 1962 and not " reopened " until 1965, more than seven years after the injury and three years after the last payment of compensation, but the use of terms " closed " and " reopened " is not necessarily dispositive where the case had not " been referred to the abeyance file because no further proceedings were foreseen." (*Matter of Casey* v. *Hinkle Iron Works,* 299 N. Y. 382, 385; *Matter of Abelowitz* v. *Sterling Tool Co.,* 26 A D 2d 875, mot. for lv. to app. den. 19 N Y 2d 577.) Whether in a given case further proceedings were contemplated is a factual issue (*Matter of Abelowitz* v. *Sterling Tool Co., supra*), and we cannot say on the instant record that the board could not reach the conclusion rendered. Decision affirmed, with costs to the Special Fund. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.