*236
 
 Jasen, J.
 

 Claimant-respondent suffered hand injuries on May 17,1960 and December 9,1960. The State Insurance Fund, the employer’s insurance carrier, did not controvert either claim. A hearing was held on June 29, 1962, as to both claims, but was adjourned when claimant failed to produce medical evidence showing the degree of causally related disability. Similarly, claimant did not produce the required medical proof at an August 1, 1962 hearing, so, on August 3, 1962, the Referee ruled as to the May 17,1960 injury that the “ [c]ase was Closed, until such time as claimant produces C-4s and Medical evidence causally related. ’ ’ And as to the December 9,1960 injury, the Referee noted that the “ [cjase was closed without prejudice until such time as claimant produces C-4s and Medical evidence causally related.” Eventually, on December 24, 1967, claimant’s doctor filed the necessary medical proof, and both cases were restored to the calendar. Hearings were held and on May 16, 1968, the Referee made schedule awards to claimant for both injuries, charging these awards against the State Insurance Fund.
 

 The Referee’s determination was rescinded by the Workmen’s Compensation Board (Board) and the case was remanded to determine any possible tolling. At the further hearings, claimant’s delay was explained by reason of his doctor’s failure to file the required medical evidence of disability and claimant’s mental condition, which, due to a 1958 head injury, required treatment and intermittent hospitalization. The Referee determined that section 123
 
 [1]
 
 of the Workmen’s Compensation Law did not bar the claim and that the award was chargeable to the
 
 *237
 
 Special Fund for Reopened Cases under section 25-a
 
 [2]
 
 —not the State Insurance Fund.
 

 The Board modified the Referee’s decision, finding that the State Insurance Fund, rather than the Special Fund for Reopened Cases, should be held liable for the reason ‘ ‘ that the Referee action on August 1, 1962, indicated further action was contemplated and the cases were not actually closed.”
 

 The Appellate Division, in reversing the Board, concluded that the cases had, in fact, been closed by the Referee in 1962 and, therefore, the Special Fund for Reopened Cases should be liable.
 

 The determination with regard to the “ closing ” of a claim for purposes of section 25-a is one of fact.
 
 (Matter of Stoever
 
 v.
 
 Shearton Astor W. L. Hotel Operating Co.,
 
 29 A D 2d 597, 598.) “ For the purpose of section 25-a,” we said in
 
 Matter of Casey
 
 v.
 
 Hinkle Iron Works
 
 (299 N. Y. 382, 385),
 
 “
 
 a case is closed when it has been referred to the abeyance file because no further proceedings were foreseen. Such a case is to be distinguished from one held in abeyance pending the completion of a defective application for compensation, when hearings are to be held ’ ’. Thus, the mere statement by a Referee that a case is “ closed ” does not necessarily render it so within the meaning of section 25-a
 
 (Matter of Diskin
 
 v.
 
 99 Wall St. Corp.,
 
 279 App. Div. 1103, mot. for lv. to app. den. 304 N. Y. 986) unless it can be said that further proceedings were not contemplated.
 

 The record discloses that the employer contested neither the occurrence of the accidents nor the existence of the resulting
 
 *238
 
 injuries. In its “Reports of Injury”, the employer admitted both claims and, even more significantly, the State Insurance Fund filed notice that it would not controvert either claim. There was, as to both claims, agreement that they arose out of and in the course of employment. All that was necessary to perfect these claims was medical testimony—-presumably to be submitted, when available. In fact, the only reason further proceedings were not commenced immediately was the negligence of claimant’s doctor, combined with claimant’s mental condition. Under such circumstances, we can only conclude that substantial evidence supported the Board’s conclusion that these cases were not closed within the contemplation of section 25-a, and, therefore, the Board’s determination should not be disturbed.
 

 The order of the Appellate Division should be reversed and the determination of the Board reinstated.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Gibson concur.
 

 Order reversed, with costs, and the determintion of the Workmen’s Compensation Board reinstated.
 

 [1]
 

 . “§ 123. Jurisdiction of board to be continuing. * * * [N]o claim for compensation or for death benefits that has been disallowed after a trial on the merits, or that has been otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident or death. Nor shall any award of compensation or death benefits be made against the special fund provided in section twenty-five-a of this chapter or against an employer or an insurance carrier where application therefor is made after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation.”
 

 [2]
 

 . “ § 25-a. Procedure and payment of compensation in certain claims; limitation of right to compensation.-—1. Notwithstanding other provisions of this chapter, when an application for compensation is made by an employee or for death benefits in behalf of the dependents of a deceased employee, and the employer has secured the payment of compensation in accordance with section fifty of this chapter, (1) after a lapse of seven years from the date of the injury or death and claim for compensation previously has been disallowed or claim has been otherwise disposed of without an award of compensation, or (2) after a lapse of seven years from the date of the injury or death and also a lapse of three years from the date of the last payment of compensation * * * subject to the provisions of section one hundred and twenty-three of this chapter, testimony may be taken, either directly or through a referee and if an award is made it shall be against the special fund [for reopened eases] provided by this section.”