■ In the Matter of the Claim of GERTRUDE DE LEVIE, Respondent, v SAM SMITH et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed April 9, 1976 and June 2, 1977, which ruled (1) that claimant sustained a compensable injury as a result of an industrial accident in July of 1962, and (2) discharged the Special Fund for Reopened Cases from liability. Claimant was employed as a cook when she allegedly injured her back in July of 1962 while lifting a heavy pot. On May 22, 1964, she filed a claim for compensation benefits arising out of the alleged accident which was controverted by the employer. Following a series of hearings, the last of which occurred on September 14, 1971, the case was closed "until claimant is willing to be present with medical evidence." Following a report from a Dr. Edwards, the claim was restored to the referee's calendar and claimant was granted a compensation award which was later affirmed by the board. A subsequent referee's decision holding the Special Fund for Reopened Cases liable for the previous award was reversed by the board. On this appeal, the employer and its carrier argue that the board's determination that claimant suffered a compensable injury is not based upon substantial evidence in the record as a

whole. We disagree. Claimant's own testimony concerning the accident was not contested and the board was within its power in believing her. The contention that claimant did not comply with the notice requirements of section 18 of the Workers' Compensation Law is similarly without merit. It is conceded that the employer received a registered letter from claimant within 30 days of the accident describing an accidental injury which afforded the opportunity of inquiry to the employer. Further, the board's decision to discharge the Special Fund for Reopened Cases from liability should be upheld since the determination with regard to the "closing" of a claim for purposes of section 25-a of the Workers' Compensation Law is one of fact (*Matter of Scalesse v Printing Adv. Corp.*, 30 NY2d 234; *Matter of Stoever v Sheraton Astor W. L. Hotel Operating Co.*, 29 AD2d 597). The other arguments raised on this appeal have been examined and found to be without merit. Decisions affirmed, with one bill of costs to respondents filing briefs against the appellants. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.