■ In the Matter of the Claim of THOMAS ANZOVINO, Respondent, v WESTCHESTER COUNTY PUBLISHERS, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed December 4, 1979, which discharged the Special Fund for Reopened Cases from liability. On April 8, 1960, claimant was injured in the course of his employment. By decision dated May 21, 1963, the board closed the case pending the outcome of a third-party action. The third-party action was thereafter settled for $7,500 with the consent of the carrier. Due to injuries allegedly sustained by claimant in December, 1969 and March, 1973, two additional claims for compensation benefits were filed by claimant. Claimant's original case was reopened by the board on March 11, 1976. In a decision filed December 4, 1979, the board found that claimant's original case had been closed pending the outcome of a third-party action which was settled with the consent of the carrier and that the case was reopened on a claim for deficiency compensation. Consequently, it was held that the Special Fund for Reopened Cases had no liability on the claim. This appeal ensued. A determination with regard to the "closing" of a claim for purposes of section 25-a of the Workers' Compensation Law is one of fact (*Matter of Scalesse v Printing Adv. Corp.,* 30 NY2d 234; *Matter of De Levie v Smith,* 66 AD2d 935). Although the board could have reasonably reached a different conclusion (see *Matter of Gantz v Wallace & Tiernan Lucidol Div.,* 41 AD2d 991), on the present record we are of the opinion that substantial evidence supports the board's determination that claimant's original case was not

closed within the contemplation of section 25-a of the Workers' Compensation Law. Where there has been no closing, liability cannot be shifted to the Special Fund for Reopened Cases and, therefore, the decision must be affirmed. Having so concluded, we need not now reach the issue of whether claimant was seeking an award of deficiency compensation thus precluding liability of the Special Fund for Reopened Cases pursuant to subdivision 8 of section 25-a of the Workers' Compensation Law. Decision affirmed, with costs to the Special Fund for Reopened Cases against the employer and its insurance carrier. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.