■ In the Matter of the Claim of Herman J. Sandles, Respondent, v Suffolk County Police Dept. et al., Appellants, and Special Fund for Reopened Cases, Respondent. Workers' Compensation Board, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed March 20,

1981, which determined that Travelers Insurance Co. consented to the settlement of claimant's third-party action, and that the closing of claimant's compensation case was not a true closing as further proceedings were contemplated. Claimant sustained compensable injuries on October 18, 1961. His compensation case was closed on February 4, 1963 "pending outcome of third-party action". The compensation carrier, Travelers Insurance Co. (Travelers) was aware of the third-party action and apprised claimant of its lien. Prior to settlement, claimant's counsel informed Travelers that his client was weighing a settlement offer and asked Travelers to reduce its lien, which it did, and in mid-1968 the third-party action was ultimately settled. Because of recurring back problems, claimant requested reopening and on September 17, 1977, the board reopened and restored his compensation case to the referee calendar. Travelers maintains that since it never consented to the settlement of the third-party action, section 29 of the Workers' Compensation Law barred additional compensation. It also argues that under section 25-a, the Special Fund for Reopened Cases should be held responsible for any deficiency compensation. Both arguments were rejected by the board and this appeal ensued. Whether settlement of a third-party action was consented to is a factual question for the board's determination (*Matter of Nasta v Dic Concrete Corp.,* 54 AD2d 1004). Here the attorney who represented claimant in the third-party action testified that Travelers had consented to the settlement. Copies of his correspondence with Travelers and the third-party liability carrier buttress that conclusion. They show that Travelers was furnished claimant's reasons for wishing to settle the third-party action and also that to achieve that settlement Travelers agreed to reduce its lien. On this record, it cannot be said that Travelers, upon reducing its lien, discharged its affirmative obligation to state plainly its understanding of both the terms of the settlement and its future rights thereunder (see *Matter of Hilton v Truss Systems,* 82 AD2d 711, 712, affd 56 NY2d 877). Inasmuch as the board's finding of implied consent is supported by substantial evidence, it must be affirmed (*Matter of Brewster v U. S. Suzuki Motor Co.,* 86 AD2d 917). The issue of whether a claim has been closed for purposes of section 25-a is also a factual one (*Matter of Scalesse v Printing Adv. Corp., Enterprises Print. Div.,* 30 NY2d 234). As the record clearly supports the board's finding that the original case had been closed pending the outcome of the third-party action and, therefore, further compensation proceedings were contemplated, its determination of no closing within the meaning of section 25-a and no liability on the part of the Special Fund must be upheld (*Matter of Anzovino v Westchester County Publishers,* 81 AD2d 720; *Matter of Janikowski v Yardleys of London,* 11 AD2d 577). Decision affirmed, with one bill of costs to respondents filing briefs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Levine, JJ., concur.