■ In the Matter of the Claim of BETTY WALKER, Respondent, v CARRIER AIR CONDITIONING DIVISION OF CARRIER CORPORATION et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Mahoney, P. J.

On December 9, 1974, claimant injured her back in the course of her employment. Commencing with a hearing on April 8, 1975, which established claimant's injury and made an award, there were numerous hearings, reopenings and continuances until August 6, 1979, when the case was closed without further awards pending a request for a hearing by claimant's attorney. Subsequently, the issue arose as to whether the August 6, 1979 closing was final so as to invoke Workers' Compensation Law § 25-a, which imposes liability for claimant's additional medical expenses upon the Special Fund rather than upon the employer's carrier.

Following the August 6, 1979 hearing, specifically on February 9, 1982, claimant's attorney requested the Workers' Compensation Board to reopen the case on the issue of payment of medical bills. At a hearing held on December 20, 1982, the case was continued and the administrative law judge, noting the possibility of a section 25-a issue, placed the Special Fund on notice. At the next hearing, on March 22, 1983, the carrier's representative argued that since the date of the accident was more than seven years prior to the date of the hearing and the last payment of compensation more than three years prior, the case came under the purview of Workers' Compensation Law § 25-a. The Special Fund's representative contended that the case had not been closed and that, accordingly, the Special Fund should be discharged. The administrative law judge discharged the Special Fund and, upon appeal by the employer and carrier, the Board affirmed. This appeal by the employer and carrier ensued.

The relevant portion of Workers' Compensation Law § 25-a (1) provides: "Notwithstanding other provisions of this chapter, when an application for compensation is made by an employee * * * and the employer has secured the payment of compensation in accordance with section fifty of this chapter * * * (2) after a lapse of seven years from the date of the injury * * * and also a lapse of three years from the date of the last payment of compensation * * * if an award is made it shall be against the special fund provided by this section." Clearly, since the seven- and three-year requirements have been met, the date of injury being December 9, 1974 and the last payment of compensation having been made on December 27, 1977, it would appear that the statute is applicable and liability for future compensation should fall to the Special Fund. However, as the Court of Appeals instructed in *Matter of Scalesse v Printing Adv. Corp.* (30 NY2d 234), the determination with regard to the "closing" of a claim for purposes of Workers' Compensation Law § 25-a is one of fact. Further, our highest court stated in *Matter of Casey v Hinkle Iron Works* (299 NY 382, 385) that, "For the purpose of section 25-a, a case is closed when it has been referred to the abeyance file because no further proceedings were foreseen. Such a case is to be distinguished from one held in abeyance * * * when hearings are to be held." Accordingly, we are constrained to look closely at the reasons why the case was marked closed on August 6, 1979.

It is clear from the record that, at the hearing preceding the August 6, 1979 hearing, the administrative law judge continued the case for the results of the carrier's consultant's examination

scheduled for April 11, 1979. It is also clear, as pointed out by the Board in its decision, that on March 20, 1979, claimant advised the carrier's representative that she had moved to Florida and would be unable to attend the examination on April 11, 1979. This same situation obtained on August 6, 1979. There was an outstanding claim for disability based on proper medical evidence, an examination of claimant by the carrier's consultant had yet to be conducted, and claimant was outside the jurisdiction of the hearing. Accordingly, we cannot say that the Board erred in resolving these factual issues in a manner that supports its conclusion that the "closing" of the case on August 6, 1979 was not final and that the Special Fund should be discharged and relieved of liability.

Finally, the carrier's reliance on our determination in *Matter of Berlinski v Congregation Emanuel* (29 AD2d 1036) is misplaced. In that case we stated that, "Where the question of the finality of a Referee's decision * * * is in issue only as regards the Special Fund and the insurance carrier with no prejudice shown to the claimant, there is no need to thwart the obvious intent of the Legislature to transfer liability for stale claims to the Special Fund" (*id.,* p 1037). Here, if the Board had held that the August 6, 1979 hearing was truly closed, prejudice to claimant would be obvious.

Decision affirmed, with costs to the Special Funds Conservation Committee. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.