■ In the Matter of the Claim of MARILYN KIRSCHNER, Respondent, v ROWE, WALSH ASSOCIATES et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed May 22, 1987, which, *inter alia,* imposed liability on the Special Fund for Reopened Cases.

On October 8, 1968, claimant injured her lower back while working. In 1971 her case was closed upon an $8,500 lump-sum settlement. In 1972, after claimant suffered severe back and leg pain, the Workers' Compensation Board reopened the case for consideration of a change in condition not contemplated at the time of the lump-sum settlement. Thereafter, there were numerous hearings, closings and reopenings until a May 1, 1980 hearing, at which the case was closed until claimant's doctor could testify. Apparently due to clerical tardiness, which we will not allow to affect the substantive outcome, no decision was filed until October 30, 1980. By letter dated May 7, 1980, claimant requested reopening. By decision filed October 9, 1980, the Board reopened. By decision filed August 2, 1984, claimant's case was closed upon a finding of insufficient change in condition. On appeal, the Board reversed and directed that awards be made to claimant. Thereafter, claimant was awarded a temporary rate of $40 and the Special Fund for Reopened Cases was held liable. The Fund appealed, claiming that the May 1, 1980 closing was not a true closing for purposes of Workers' Compensation Law § 25-a. The Board affirmed and this appeal by the Fund followed.

Workers' Compensation Law § 25-a (2) imposes liability on the Fund where a worker seeks additional compensation after seven years from the date of the injury and three years from the date of the last payment of compensation. It appears in this case that these requirements have been met. However, the Fund is liable only for a reopened case which has been

officially closed *(see, Matter of Walker v Carrier Air Conditioning Div.,* 110 AD2d 957, 958). A case is closed for the purpose of shifting liability to the Fund when no further action is contemplated *(Matter of McGarry v Capatano & Grow Constr. Co.,* 58 AD2d 372, 374, *affd* 44 NY2d 946). Whether a case has been closed is a question of fact for the Board which is subject to the substantial evidence standard of review *(Matter of Scalesse v Printing Adv. Corp.,* 30 NY2d 234).

In this case, the Board apparently determined that its October 9, 1980 reopening was of a closed case which shifted liability to the Fund. The Fund argues that the May 1, 1980 closing was not a true closing, while the employer's workers' compensation carrier argues for affirmance of the Board's determination. The May 1, 1980 closing was made "until claimant requests a hearing and advises Board as to the availability of her [doctor] to testify". Cases that have been closed until the claimant could present medical evidence have consistently been held not to be closed within the parameters of Workers' Compensation Law § 25-a *(see, Matter of Scalesse v Printing Adv. Corp.,* 30 NY2d 234, *supra; Matter of De Levie v Smith,* 66 AD2d 935, 936; *cf., Matter of Guarino v Town of Islip Highway Dept.,* 133 AD2d 881). Against this precedential background, the Board's determination to the contrary cannot stand.

Decision reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.