■ In the Matter of the Claim of JOSEPH CARUBIA, Respondent, v COLT INDUSTRIES (CRUCIBLE STEEL) et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [783 NYS2d 891]—

Rose, J. Appeal from a decision and an amended decision of the Workers' Compensation Board, filed July 3, 2003 and July 23, 2003, which ruled that the employer's workers' compensation carrier was responsible for the payment of workers' compensation benefits.

Claimant injured his left knee and filed a claim for workers' compensation benefits in 1975. His physician indicated that claimant's disability was possibly permanent and requested that knee surgery be authorized in the event it was indicated. The Workers' Compensation Board notified the parties that a hearing was needed on the issues of the extent and duration of claimant's disability and the need for surgery, but a decision filed May 12, 1977 closed claimant's case, noting that accident,

notice and causal relationship had been established without addressing the issues of the extent of claimant's disability or the need for surgery.

In 2001, claimant's physician sought to reopen the case, requesting an MRI. The employer and its workers' compensation carrier argued that claimant had not timely moved to reopen pursuant to Workers' Compensation Law § 123. The Board found, however, that it had not truly closed claimant's case in its May 12, 1977 decision, inasmuch as it had left the issue of permanency unresolved. The employer and carrier appeal.

We affirm. "The determination of whether a case is truly closed for purposes of Workers' Compensation Law § 25-a is an issue of fact to be resolved by the Board, and its determination will not be disturbed if supported by substantial evidence" (*Matter of Jones v HSBC*, 304 AD2d 864, 866 [2003] [citation omitted]; *see Matter of Andrus v Purolator Prods.*, 301 AD2d 762, 763 [2003]).* "Such a determination turns on whether further proceedings were contemplated at the time the matter was closed" (*Matter of Jones v HSBC, supra* at 866; *see Matter of Jansch v Sagamore Children's Fund*, 302 AD2d 851, 853 [2003]). Here, claimant's physician indicated that claimant's disability was possibly permanent and that surgery should be authorized by the Board, to be performed if needed. The Board then closed the case, without resolving the issues of permanency and whether surgery was indicated. As such, the closing contemplated further proceedings to establish the extent of claimant's disability, and substantial evidence supports the Board's finding that the case was not truly closed and Workers' Compensation Law § 25-a did not apply (*see Matter of Knapp v Empire Aluminum Indus.*, 256 AD2d 811, 811-812 [1998]).

Peters, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.

---

* The employer and carrier also argue that the claim here is time barred by Workers' Compensation Law § 123. The question of whether or not claimant's case is truly closed also determines the applicability of Workers' Compensation Law § 123, as that statute's time limits apply only to truly closed cases (*see Matter of Guarino v Town of Islip Highway Dept.*, 133 AD2d 881, 882 [1987]).