■ In the Matter of the Claim of Eugene Granberry, Respondent, v JCCA Edenwald, Inc., et al., Respondents, and Special Fund for Reopened Cases, Appellant. Workers' Compensation Board, Respondent. [823 NYS2d 550]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed March 3, 2005, which directed that awards of compensation be paid by the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant sustained a compensable injury to his left shoulder in 1995. Thereafter, he was awarded workers' compensation benefits for lost wages at a tentative rate; payments for the period subsequent to June 8, 2000, however, were held in abeyance. Additionally, treatment and surgery were authorized. Following hearings regarding the issues of unpaid medical bills and surgery for claimant's shoulder, a Workers' Compensation Law Judge filed a decision on June 25, 2003 directing the employer to pay all outstanding medical bills and otherwise indicating that no further action was planned at that time. Subsequently,

the employer raised the issue of shifting liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. Finding that section 25-a is applicable, the Workers' Compensation Law Judge discharged the employer from liability. Upon review, the Workers' Compensation Board upheld this determination and the Special Fund now appeals.

Workers' Compensation Law § 25-a shifts liability to the Special Fund when a case is closed and reopened "after a lapse of seven years from the date of injury and three years from the last payment of compensation" (*Matter of Hantz v Brightman Agency,* 29 AD3d 1098, 1099 [2006]). Prior to determining whether the requisite time periods have elapsed, it is necessary to ascertain when, if ever, the case was ever " 'truly closed for purposes of Workers' Compensation Law § 25-a' " (*Matter of Carubia v Colt Indus. [Crucible Steel],* 12 AD3d 827, 828 [2004], quoting *Matter of Jones v HSBC,* 304 AD2d 864, 866 [2003]; *see Matter of Buffum v Syracuse Univ.,* 12 AD3d 887, 888-889 [2004]). Whether a case is truly closed is a factual question which turns on whether any further proceedings are contemplated at the time of the closing (*see Matter of Knapp v Empire Aluminum Indus.,* 256 AD2d 811, 811 [1998]; *Matter of Kirschner v Rowe, Walsh Assoc.,* 144 AD2d 191, 192 [1988]). That the Board's June 25, 2003 decision states that "[n]o further action is planned by the Board at this time" does not resolve this issue inasmuch as "the designation 'no further action' generally signals nothing more than [the Board's] intent that the case be deemed currently inactive; it is not dispositive on the issue of closure" (*Matter of Buffum v Syracuse Univ., supra* at 888; *see Matter of Cook v Olsten Staffing,* 30 AD3d 876 [2006]).

Here, the record demonstrates that on July 25, 2000, the issue of payment for claimant's lost wages subsequent to June 8, 2000 was held in abeyance and has yet to be resolved. The issue was raised at least once more and, by a July 18, 2001 decision, was held again pending further medical evidence. Neither the hearing preceding the Board's July 25, 2003 decision nor the decision itself addresses this issue. Under these circumstances, we find that the Board's determination that the June 25, 2003 decision constituted a true closing was not supported on this record by substantial evidence and cannot be sustained (*see Matter of Stevens v MMR Corp.,* 13 AD3d 1002, 1003 [2004]; *Matter of Carubia v Colt Indus. [Crucible Steel], supra* at 828; *Matter of Kirschner v Rowe, Walsh Assoc., supra* at 192; *Matter of Walker v Carrier A.C. Div. of Carrier Corp.,* 110 AD2d 957, 958-959 [1985]).

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.