■ In the Matter of the Claim of KATHLEEN HARTWELL, Respondent, v AMPHENOL INTERCONNECT PRODUCTS et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [858 NYS2d 442]—

Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed May 25, 2007, which, among other things, ruled that Workers' Compensation Law § 25-a is inapplicable to claimant's award of workers' compensation benefits.

In 1991, claimant sustained injuries to both her wrists during the course of her employment. She subsequently underwent carpal tunnel release surgery on both wrists, as well as right trigger thumb release surgery. In January 1999, claimant was awarded schedule loss of use awards of 15% for each hand, to be paid by Liberty Mutual Insurance Company, the employer's workers' compensation carrier. The claim was closed in September 1999, reopened in August 2000 and marked "no further action is planned" in October 2000.

Claimant continued to follow up with her physician for wrist pain and, in 2000, she was diagnosed with degenerative arthritis of the right wrist with scapholunate disassociation. In March 2002, the claim was reopened and claimant's physician filed a medical proof of change in condition requesting right wrist fusion surgery. A hearing was conducted in June 2002, after which a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence of causally related scapholunate disassociation under the 1991 claim. The WCLJ also noted that a new claim was to be filed, and ordered that the 1991 claim continue to travel with the new claim. After another hearing, held in December 2002, at which the WCLJ considered both the 1991 claim and the new claim, the new claim was established and surgery authorized, to be covered by Travelers Insurance Company, the workers' compensation carrier, and the 1991 claim was designated as "no further action is planned."

In July 2006, the parties were informed that further action on the 1991 claim was being taken to consider apportionment with the 2002 claim. At a hearing held in November 2006, Liberty Mutual requested that it be relieved of apportionment liability pursuant to Workers' Compensation Law § 25-a. A WCLJ found, among other things, that Workers' Compensation Law § 25-a was inapplicable, based on the determination that the 1991 claim was not truly closed. On review, the Workers' Compensation Board affirmed. The employer and Liberty Mutual now appeal and we affirm.

Workers' Compensation Law § 25-a (1) provides that the Special Fund for Reopened Cases is liable for any payments if a

previously closed case is reopened more than seven years following the injury and three years following the last payment of compensation (see *Matter of Washburn v Bob Hooey Constr. Co.*, 39 AD3d 956, 957 [2007]; *Matter of Granberry v JCCA Edenwald, Inc.*, 33 AD3d 1102, 1103 [2006]). As the injury occurred in 1991 and no compensation payments have been made to claimant under this claim since 1999, the time limits have been met. Therefore, applicability of the statute depends on whether the case has been truly closed, which is "a factual question for the Board to determine, based mainly on whether further proceedings were contemplated at the time of the presumed closing, and that determination will not be reversed if supported by substantial evidence" (*Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d 957, 959 [2007]; see *Matter of Granberry v JCCA Edenwald, Inc.*, 33 AD3d at 1103).

Liberty Mutual contends that the 1991 claim was closed in December 2002, when the WCLJ established claimant's scapholunate disassociation as a new claim and designated the 1991 claim as no further action planned. However, a designation that no further action is planned on a claim is not dispositive on the issue of closure, as that designation generally indicates that the claim is merely currently inactive (see *Matter of Granberry v JCCA Edenwald, Inc.*, 33 AD3d at 1103; *Matter of Buffum v Syracuse Univ.*, 12 AD3d 887, 888 [2004]). In April 2002, claimant's physician indicated that the scapholunate disassociation was caused by chronic repetitive stress of the 29 years of her employment, thus implicating the 1991 claim (see *Matter of Stevens v MMR Corp.*, 13 AD3d 1002, 1003 [2004]). As unresolved issues regarding the 1991 claim existed in December 2002, the Board properly concluded that the claim was not truly closed.

Spain, Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.