■ In the Matter of the Claim of CINDY L. RATHBUN, Respondent, v D'ELLA PONTIAC BUICK GMC, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [878 NYS2d 480]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed June 1, 2007, which ruled that Workers' Compensation Law § 25-a is inapplicable to claimant's award of workers' compensation benefits.

In February 1999, claimant sought medical treatment for wrist and elbow pain that was related to her work. After her employer filed a C-2 form in February 2000, the employer's workers' compensation carrier accepted the claim and approved payments for medical treatment. Claimant treated with an orthopedist throughout 2000 and was diagnosed with bilateral carpal tunnel syndrome. She returned to the orthopedist in June 2003 and authorization was given by the carrier for carpal tunnel release surgery to be performed on her right wrist. Claimant ultimately decided not to go forward with the surgery because of the existence of other health issues and continued to work until October 2006.* At that time, noting that the condition of her left wrist had seriously deteriorated, claimant's physician sought authorization to perform carpal tunnel release surgery on her left wrist. The carrier denied authorization, concluding that the case fell within Workers' Compensation

---

* During this time, claimant never missed any work due to this condition.

Law § 25-a and that liability for any of claimant's medical treatment shifted to the Special Fund for Reopened Cases. A Workers' Compensation Law Judge found that Workers' Compensation Law § 25-a was inapplicable and, upon review, the Workers' Compensation Board agreed. The employer and carrier now appeal.

Workers' Compensation Law § 25-a provides that liability for compensation shifts to the Special Fund when an application to reopen a case is made after a lapse of seven years from the date of the injury and a lapse of three years from the date of the last payment of compensation (*see* Workers' Compensation Law § 25-a; *Matter of Lauritano v Consolidated Edison Co. of N.Y., Inc.*, 59 AD3d 757, 758 [2009]; *Matter of Granberry v JCCA Edenwald, Inc.*, 33 AD3d 1102, 1103 [2006]). The date of claimant's injury was February 17, 1999, or more than seven years before she sought payment for the surgery to be performed on the left wrist. In addition, no payment of compensation has ever been made to claimant and, therefore, the requisite statutory time periods set forth in Workers' Compensation Law § 25-a have passed. As a result, the question to be resolved is whether, at the time claimant was authorized to undergo the surgical procedure on her right wrist in July 2003, "further proceedings were contemplated" on this claim (*Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d 957, 959 [2007]; *see Matter of Casey v Hinkle Iron Works*, 299 NY 382, 385 [1949]). If not, then the claim was truly closed and Workers' Compensation Law § 25-a does apply to shift responsibility for the payment of this claim to the Special Fund (*see Matter of Granberry v JCCA Edenwald, Inc.*, 33 AD3d at 1103).

Here, there is no evidence to support the Board's finding that further proceedings were contemplated on this claim once authorization for the surgical procedure on the right wrist was given in July 2003 (*compare Matter of Pietrocola v Colony Liq. Distribs.*, 177 AD2d 776 [1991]). While it is true that claimant's medical condition remained uncertain and unresolved throughout this period, we note that she continued to work, no payments of compensation were made and no evidence exists that other issues remained outstanding and required action either by the carrier or the Board. In such a circumstance, a finding that a case has been truly closed can be made "where symptomatic medical treatment is authorized, even if the claimant's condition may change or worsen in the future" and could bring about a reopening of the case (*Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d at 959). When the carrier authorized payment for the surgical procedure on the right

wrist in 2003, all that remained to be resolved was whether claimant herself would decide to undergo this surgical procedure (cf. *Matter of Pietrocola v Colony Liq. Distribs.*, 177 AD2d at 776). No action by the Board was contemplated or required and the claim, as a result, was truly closed. The Board's decision to the contrary is not supported by substantial evidence and must be reversed.

Mercure, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.