■ In the Matter of the Claim of VICTORIA BUSH, Claimant, v MONTGOMERY WARD et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [900 NYS2d 519]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed December 10, 2008, which ruled that Workers' Compensation Law § 25-a is inapplicable to claimant's award of workers' compensation benefits.

Claimant injured her right knee at work in June 1978 and was awarded workers' compensation benefits. It appears that claimant did not receive awards for her injury after 1981; however, most of the records associated with her original claim were destroyed that year in a fire at the office of the Workers' Compensation Board in the City of Binghamton, Broome County. Accordingly, when claimant submitted an application to reopen her claim in 2006, hearings held to determine the applicability of Workers' Compensation Law § 25-a lacked the benefit of documentation regarding the manner in which earlier proceedings were resolved. Following the hearings, a Workers' Compensation Law Judge ruled that the claim was never truly closed and discharged the Special Fund for Reopened Cases from liability. The Board upheld that determination upon review, prompting this appeal by the employer and its workers' compensation carrier.

"Whether a case has been officially closed so as to shift liability to the Fund under Workers' Compensation Law § 25-a is a question of fact for the Board and depends upon whether further proceedings [were] contemplated at the time of the closing" (Matter of Knapp v Empire Aluminum Indus., 256 AD2d 811, 811 [1998] [citations omitted]; see Matter of Granberry v JCCA Edenwald, Inc., 33 AD3d 1102, 1103 [2006]; Matter of Carubia v Colt Indus. [Crucible Steel], 12 AD3d 827, 828 [2004]). Here, available records reveal that claimant's 1978 injury required that she undergo surgery in February 1979. In April 1979, claimant's treating physician filed a medical report with the Board indicating that claimant was disabled, but he was unable to determine whether her disability was total or partial.

▆▆▆▆▆▆▆▆▆▆▆▆

Two months later, claimant was examined by a physician employed by the Board whose report suggests that claimant was partially disabled. A hearing to consider medical evidence was scheduled for October 7, 1980. However, because the results of that hearing, as well as any additional records, were destroyed in the fire, the record contains no evidence indicating that the issue of permanency was resolved (*see generally Matter of Carubia v Colt Indus. [Crucible Steel]*, 12 AD3d at 828).

At hearings held on claimant's application to reopen the case, claimant stated that her claim had never been closed and that she had worked in a light duty capacity since her injury. In that regard, medical reports submitted in April 1979 and April 2006 indicate that she was capable of performing only light duty work. Additionally, in 2008, her treating physician* opined that claimant had suffered a 15% to 20% schedule loss of use of her right knee. Under all of the circumstances presented here, we find that substantial evidence supports the Board's determination that, because further proceedings were contemplated to establish the extent of her disability, claimant's case was not truly closed (*see Matter of Hartwell v Amphenol Interconnect Prods.*, 51 AD3d 1245, 1247 [2008]; *Matter of Carubia v Colt Indus. [Crucible Steel]*, 12 AD3d at 828; *Matter of Knapp v Empire Aluminum Indus.*, 256 AD2d at 811).

Spain, Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

---

* The physician who treated claimant in 2008 was not the same physician who treated her in 1979.