Stein, J.
Appeal from a decision of the Workers’ Compensation Board, filed November 30, 2011, which ruled that the reopening of the claim was barred by Workers’ Compensation Law § 123.
Claimant sustained a work-related injury to his right knee in 1990 for which he obtained a schedule loss of use award. His condition worsened following a 2003 injury and, in September 2008, a Workers’ Compensation Law Judge (hereinafter WCLJ) found that the claim was reopened — effective August 2006 — and shifted liability to the Special Fund for Reopened Cases. Thereafter, in a February 2009 decision, another WCLJ attributed 70% of claimant’s overall disability to the 1990 injury and authorized right knee replacement surgery. When claimant sought further benefits after undergoing the surgery in January 2011,[1] the Special Fund argued that the claim had been truly closed in April 2009 following authorization for the surgery, and that any additional awards would be untimely pursuant to Workers’ Compensation Law § 123. Although a WCLJ found otherwise, upon review the Workers’ Compensation Board ultimately agreed with the Special Fund and reversed the decision of the WCLJ. Claimant now appeals, and we reverse.
Workers’ Compensation Law § 123 prohibits an award of benefits against the Special Fund “after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation” (see Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d 747, 751 [1995]). However, such statutory bar only applies if the claimant’s case was truly closed, a factual issue for the Board that depends upon whether “further proceedings, such as the submission of additional medical evidence, were contemplated” at the time of the purported closing (Matter of Ford v New York City Tr. Auth., 27 AD3d 792, 794 [2006], lv dismissed 7 NY3d 741 [2006]; accord Matter of Runge v National Baseball League, 93 AD3d 1015, 1016 [2012]; see Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d at 751; Matter of Cambia v Colt Indus. [Crucible Steel], 12 AD3d 827, 828 n [2004]). The test is whether further proceedings were *1040 contemplated, not whether they were actually planned (see Matter of Barker v Buffalo Color Corp., 32 AD3d 1138, 1139 [2006]; Matter of Pegoraro v Tessy Plastics Corp., 287 AD2d 909, 910 [2001], lv dismissed and denied 98 NY2d 669 [2002]).
Here, the Board’s bare summary conclusion that there was a true closing of the case on April 6, 2009 and that no further action was contemplated at that time lacks any factual support and, in fact, is arguably contradicted by the record. The April 2009 decision relied upon by the Board[2] simply stated that the matter was “[p] ending outcome of surgery on right knee. No further action is planned by the Board at this time,”[3] and provides no information as to whether further Board action was contemplated once the outcome of claimant’s surgery was determined (see Matter of Hartwell v Amphenol Interconnect Prods., 51 AD3d 1245, 1247 [2008]; Matter of Bates v Finger Lakes Truck Rental, 41 AD3d 957, 959 [2007]). We note that, two months prior to the April 2009 decision relied upon by the Board, the WCLJ issued a decision authorizing claimant’s knee surgery and continuing the cases “to make awards in accordance with this decision, subject to any credits.”[4]
Considering the nature of the surgery being requested, and the fact that medical examinations of claimant in October and November 2008 revealed that claimant had a moderate partial disability to his right knee, the Board’s conclusion that no further proceedings were contemplated in April 2009 when surgery was authorized is dubious and, more importantly, is completely lacking in any record support (compare Matter of Nanni v Source Corp., 98 AD3d 1225, 1227 [2012]). Under these circumstances, we find that the Board’s determination that the April 2009 decision constituted a true closing was not supported by substantial evidence and must be reversed (see Matter of Granberry v JCCA Edenwald, Inc., 33 AD3d 1102, 1103 [2006]).
Peters, EJ., Garry and Egan Jr., JJ, concur. Ordered that the decision is reversed, without costs, and matter remitted to the *1041 Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.

. The record is unclear as to why the surgery was delayed.

. Given the sparse record before us, the purpose of the hearing on the date of that decision is unclear. However, there is no indication that any testimony was taken or, indeed, that anyone actually appeared on that date.

. This language has been interpreted as indicating an inactive status (see Matter of Hartwell v Amphenol Interconnect Prods., 51 AD3d 1245, 1247 [2008]; Matter of Granberry v JCCA Edenwald, Inc., 33 AD3d 1102, 1103 [2006]) and, thus, does not necessarily support a finding that the case was truly closed.

. This February 2009 decision apparently followed a hearing at which testimony was taken regarding the issues of apportionment and degree of disability with respect to two separate claims. However, the transcript of this hearing does not appear in the record.