■ In the Matter of the Claim of DONALD PANKIW, Claimant, v EASTMAN KODAK COMPANY et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [1 NYS3d 399]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed February 8, 2013, which ruled that claimant's case was not truly closed for the purpose of shifting liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

In October 2004, claimant suffered work-related injuries to his back and left shoulder and was awarded workers' compensation benefits. Claimant's treating physician opined in 2007 that claimant had sustained a 20% schedule loss of use of his left arm. In 2008, claimant raised the issue of a consequential injury to his right shoulder. By stipulation of the parties, including the Special Fund for Reopened Cases, which was liable for payments related to a 1997 injury to claimant's right shoulder, a Workers' Compensation Law Judge amended the 2004 claim to include a consequential injury to the right shoulder, found that claimant had a 30% schedule loss of use of that shoulder and apportioned the claim related to the right shoulder pursuant to the stipulation.* In November 2011, claimant filed a request for further action, stating that he was now disabled and was not receiving compensation. A Workers' Compensation Law Judge transferred liability for the claim to the Special Fund pursuant to Workers' Compensation Law § 25-a. Upon review, the Workers' Compensation Board reversed and the employer and its carrier appeal.

We affirm. "Liability for compensation shifts to the Special Fund when an application to reopen a case is made after a lapse of seven years from the date of the injury and three years from the date of the last payment of compensation, upon a showing that the case has been truly closed" (*Matter of Anticola v Tops Mkts.*, 117 AD3d 1373, 1374 [2014] [internal quotation marks and citations omitted]). "Whether a case is truly closed is a factual determination for the Board to resolve based primarily upon whether any further proceedings are contemplated with regard to issues concerning the payment of compensation" (*Matter of Hosey v Central N.Y. DDSO*, 91 AD3d 993, 994 [2012] [citations omitted]; *see Matter of Rathbun v D'Ella Pontiac Buick GMC, Inc.*, 61 AD3d 1293, 1294-1295 [2009]). Here, although claimant's treating physician opined in 2007 that claimant had a 20% schedule loss of use of his left arm, this issue was not addressed as of the date of the carrier's request to

---

* Although the stipulation initially attributed the 30% schedule loss of use to claimant's left arm, the parties made a correction in an amended stipulation to reflect that the parties intended to stipulate to a schedule loss of use of claimant's right arm. There was no stipulation as to claimant's left arm and the issue was not addressed by the Workers' Compensation Law Judge.

shift liability to the Special Fund. Accordingly, the Board's decision that the case was not truly closed is supported by substantial evidence (*see Matter of Hosey v Central N.Y. DDSO*, 91 AD3d at 994-995; *Matter of Carubia v Colt Indus. [Crucible Steel]*, 12 AD3d 827, 828 [2004]; *Matter of Knapp v Empire Aluminum Indus.*, 256 AD2d 811, 811-812 [1998]). We have reviewed the remaining contentions and find them to be unpersuasive.

Peters, P.J., Stein, Egan Jr. and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.