Clark, J.
Appeal from a decision of the Workers’ Compensation Board, filed February 6, 2014, which, among other things, rescinded the transfer of liability to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a.
Claimant sustained a work-related injury to her back in April 2003 and her claim for workers’ compensation benefits was established. Liability for the claim was subsequently transferred to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a, effective April 2010. None of the parties appealed this decision. In 2012, claimant was classified with a permanent partial disability and thereafter filed a request for further action to address causally related reduced earnings. Claimant’s employer was put on notice and, following a hearing at which reduced earnings and the rescission of the transfer of liability were raised, the Workers’ Compensation Law Judge found that claimant was entitled to *1319 various awards of reduced earnings, but maintained liability with the Special Fund. Upon review, the Workers’ Compensation Board modified the determination by rescinding the transfer of liability to the Special Fund, finding that the case was not closed at the time that the employer requested the transfer due to an unresolved issue regarding whether claimant suffered a permanent disability. The employer and its workers’ compensation carrier (hereinafter collectively referred to as the employer) now appeal.
We affirm. “Workers’ Compensation Law § 25-a shifts liability for a claim to the Special Fund where a workers’ compensation case that was fully closed is reopened more than seven years after the underlying injury occurred and more than three years after the last payment of compensation” (Matter of Palermo v Primo Coat Corp., 88 AD3d 1042, 1042 [2011] [internal quotation marks and citations omitted], lv denied 18 NY3d 810 [2012]; accord Matter of Nanni v Source Corp., 98 AD3d 1225, 1226 [2012]). “Whether there has been a true closing of the case is a factual issue for the Board to resolve and its determination in this regard will be upheld if supported by substantial evidence” (Matter of Early v New York Tel. Co., 57 AD3d 1341, 1343 [2008] [citations omitted]; see Matter of Hunt v Price Chopper/Golub Corp., 85 AD3d 1522, 1523 [2011]).
Here, a report based upon an independent medical examination of claimant was filed with the Board in 2005 in which the examiner opined that claimant had reached maximum medical improvement at that time and classified her as suffering from a mild degree of disability. Inasmuch as this report raised the issue of claimant having a permanent disability, which remained unresolved in 2011 when the employer requested that liability shift to the Special Fund, substantial evidence supports the Board’s decision that the case was not truly closed at that time and Workers’ Compensation Law § 25-a did not apply (see Matter of Pankiw v Eastman Kodak Co., 123 AD3d 1388, 1389-1390 [2014]; Matter of Bush v Montgomery Ward, 73 AD3d 1313, 1313-1314 [2010]; Matter of Carubia v Colt Indus. [Crucible Steel], 12 AD3d 827, 828 [2004]). Further, contrary to the employer’s contention, the Board “may exercise its authority to rescind former findings” (Matter of Jansch v Sagamore Children’s Fund, 302 AD2d 851, 853 [2003]; see Workers’ Compensation Law § 123) despite the lack of a timely appeal from an aggrieved party (see Matter of Spaminato v Bay Transp. Corp., 32 AD2d 345, 346-347 [1969]). We find no abuse of the Board’s discretion here.
The employer now contends that the case was truly closed in *1320 October 2012 and liability should have shifted to the Special Fund at that time. Inasmuch as this issue was not before the Board, we do not address it. The remaining claims have been considered and found to be unpersuasive.
McCarthy, J.P., Egan Jr. and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.