Devine, J.
Appeal from a decision of the Workers’ Compensation Board, filed October 22, 2014, which ruled that Workers’ Compensation Law § 25-a is inapplicable to claimant’s award of workers’ compensation benefits.
Claimant suffered work-related injuries to his back and left wrist in July 1999 and was awarded workers’ compensation benefits. In 2001, by stipulation of the parties, a Workers’ Compensation Law Judge found that claimant had a 21.25% schedule loss of use of his left hand.* In 2011, claimant sought treatment for lumbar radiculopathy and the employer’s workers’ compensation carrier thereafter filed a request for further action, seeking to transfer liability for the claim to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a. The Workers’ Compensation Board ultimately determined that the case was never truly closed and, therefore, denied the transfer of liability to the Special Fund. This appeal ensued.
We affirm. “Liability shifts to the Special Fund when an application to reopen a case is made after a lapse of seven years from the date of the injury and three years from the date of the last payment of compensation, upon a showing that the case has been truly closed” (Matter of Hunter v Tops Mkt., Inc., 125 AD3d 1092, 1093 [2015] [internal quotation marks and citations omitted]; see Matter of Porter v New York State Elec. & Gas Corp., 113 AD3d 987, 988 [2014]). “Whether a case is truly closed is a factual determination for the Board to resolve based primarily upon whether any further proceedings are contemplated with regard to issues concerning the payment of compensation” (Matter of Hosey v Central N.Y. DDSO, 91 AD3d 993, 994 [2012] [citations omitted]; accord Matter of Pankiw v Eastman Kodak Co., 123 AD3d 1388, 1389 [2014]). Here, claimant’s treating physician for his back injury opined in 2000 and 2001 that claimant suffered from a causally-related permanent partial disability of his back. Inasmuch as this issue of permanency had not been addressed as of the time of the carrier’s request to transfer liability to the Special Fund, substantial evidence supports the Board’s decision that the case was not truly closed and that Workers’ Compensation Law § 25-a did not apply (see Matter of Pankiw v Eastman Kodak Co., 123 AD3d at 1389-1390; Matter of Hosey v Central N.Y. DDSO, 91 AD3d at 994-995; Matter of Carubia v Colt Indus. [Crucible Steel], 12 AD3d 827, 828 [2004]).
Peters, P.J., Garry, Egan Jr. and Clark, JJ., concur.
Ordered that the decision is affirmed, without costs.

 There was no stipulation as to claimant’s back, and the Workers’ Compensation Law Judge did not address that issue.