■ In the Matter of the Claim of ARTHUR D'ORNELLAS, Respondent, v ROGER MAFFEI, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed April 5, 1979, which held that the provisions of sections 123 and 25-a of the Workers' Compensation Law were not applicable to the instant claim. While working for the employer herein on January 28, 1970, claimant injured his neck when a wrench he was using slipped and he was jerked backwards. His claim for injury to his neck and back was not controverted by the carrier which paid all his medical bills, but no compensation payments were made to him, because he was able to continue working and there was no medical evidence of disability beyond seven days. Subsequently, on March 29, 1971, claimant was hospitalized with low back pain, and a laminectomy was performed. Following hearings, however, a Referee found no medical evidence of a causal relationship between this surgical intervention and the earlier neck injury, and consequently, he closed the case upon a finding of "NO DEFINITIVE MEDICAL EVIDENCE" by notice of decision filed July 20, 1973. Thereafter, on January 14, 1977, the carrier received a medical bill from Nyack Hospital for a myelogram which had been performed on claimant, and the carrier controverted the payment thereof by filing a Form A-1 with the hospital and the board on January 31, 1977. With these circumstances prevailing on March 24, 1977, the board reopened this case on its own motion and restored it to a 25-a Referee Calendar for further consideration on the questions of, *inter alia,* responsibility for the Nyack Hospital bill and liability under section 25-a of the Workers' Compensation Law. There followed hearings after which a Referee ruled that neither section 123 nor section 25-a of the Workers' Compensation Law was applicable to this case, and this decision of the Referee was later affirmed by the board by notice of decision filed April 5, 1979. Challenging these determinations that the cited statutes were inapplicable, the employer and its carrier now appeal. Initially, we agree with the board that section 123 does not apply to the circumstances of this case. The settled purpose of that statute is to absolve the Special Fund for Reopened Cases from liability in cases wherein there is an attempt to reassert a claim after seven years have elapsed since the claim arose and the claimant has previously failed to establish that his accident was compensable upon his being given an opportunity to do so (cf. *Kaplan v Wirth & Birnbaum,* 301 NY 121; *Matter of Harley v Walsh Constr. Co.,* 14 AD2d 614). Such is obviously not the situation here because the employer and its carrier never disputed the compensability of claimant's 1970 accident and claimant never was paid compensation solely for the reason that he was not disabled beyond seven days. Regarding the board's ruling relative to section 25-a we reach a contrary result, however. Pursuant to subdivision 1 of section 25-a, the Special Fund is liable for the payment of claims when an application for compensation is made after a lapse of seven years from the date of injury and the claim has previously been disposed of without an award of compensation. In this instance the board's reopening of the claim on its own motion on March 24, 1977 constituted the application for compensation, and it occurred more than seven years after claimant's 1970 accident. Moreover, the claim had previously been disposed of in 1970

when the carrier paid claimant's medical bills and claimant sought no compensation payments because his disability did not extend beyond seven days. Additionally and most significantly, as specifically noted by the board in its order of restoral of March 24, 1977, this case was formally closed by the Referee's decision in 1973 cited above. Under all these circumstances, the requirements for liability under section 25-a have clearly been met, and, therefore, the risk of the instant claim should be borne by the Special Fund (cf. *Matter of Tritto v Lasala Constr. Co,* 77 AD2d 753; *Matter of Dennett v Dennett Refrig. Equip.,* 38 AD2d 659). Decision modified, by reversing so much thereof as held that the Special Fund for Reopened Cases was not liable on this claim, and matter remitted to the board for further proceedings not inconsistent herewith, and, as so modified, affirmed, with costs to the employer and its insurance carrier against the Special Fund for Reopened Cases. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.