■ In the Matter of the Claim of ANTOINETTE CAPUTO, Respondent, v OZONE METAL PRODUCTS COMPANY et al., Appellants, and SPECIAL DISABILITY

FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed September 7, 1979. On October 23, 1969 claimant's husband, a 53-year-old truck driver for Ozone Metal Products, suffered a heart attack while loading a truck. He was dead on arrival at the hospital. A Workers' Compensation Board file was indexed on the basis of a C-7 notice of controverted claim form filed by the decedent's employer on November 5, 1969. A hearing was scheduled for December 18, 1969. On that date claimant requested an adjournment and the referee marked the case "closed without prejudice until a proper claim is filed and medical evidence is produced indicating causally related death". Claimant did not appeal the closing of the case and took no further action until February 3, 1978. On that date she filed a death benefit claim on her own behalf and on behalf of her three children. In September of 1978 claimant's attorney requested reopening of the case closed in December, 1969. On October 24, 1978 the board reopened the case and restored it to a Trial Calendar to give claimant "a further opportunity" to prosecute her claim. After a hearing the referee concluded that section 123 of the Workers' Compensation Law was a bar to the claim and, accordingly, closed the case. Upon appeal the board reversed and held section 123 was inapplicable to the claim. This appeal by the employer and its carrier ensued. Section 123 of the Workers' Compensation Law provides that the board's jurisdiction is continuing and it may make modifications and changes with respect to former findings, decisions or orders as may be just "except that, where the employer has secured the payment of compensation * * * no claim for * * * death benefits that has been disallowed after a trial on the merits, or that has been otherwise disposed of without an award after the parties * * * have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident or death". Here, it is clear that decedent's employer did not secure the payment of any compensation, that no trial on the merits was held and, further, that the case was not "otherwise disposed of without an award after the parties in interest have been given due notice". The case was "closed without prejudice" and in the absence of those occurrences particularized above, we cannot say that the seven-year period of limitations is applicable. Under the circumstances present here, we can only conclude that substantial evidence supported the board's conclusion that this case was not closed within the meaning of section 123 of the Workers' Compensation Law (see Workers' Compensation Law, § 25-a; *Matter of Scalesse v Printing Adv. Corp., Enterprises Print. Div.,* 30 NY2d 234). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Main and Mikoll, JJ., concur; Staley, Jr., J., not taking part.