■ In the Matter of the Claim of HARRY PRICE, Deceased, by MRS. HARRY PRICE, as Widow, et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from decisions of the Workers' Compensation Board, filed August 9, 1983 and March 6, 1984.

Claimants herein are decedent Harry Price's widow and two adult sons. They are appealing from decisions of the Workers' Compensation Board which determined, *inter alia,* that no reimbursement was due them for decedent's care or for their own lost earnings allegedly incurred as a result of caring for him. The

record discloses that decedent was an employee of the New York City Transit Authority when, on April 26, 1943, he was injured in the course of his employment, sustaining a double hernia. Decedent received a truss supporter from his employer at that time and, in 1971, he received a replacement truss by decision of the board.

In December, 1979, decedent, then age 89, applied to reopen his case before the board to obtain financial assistance for, among other alleged medical needs, a full-time home care attendant. A hearing was held on May 21 and 22, 1981, at which medical witnesses testified as to decedent's physical condition. Unbeknownst to anyone involved in these proceedings except the claimants herein, decedent died the next day on May 23, 1981. Claimants told no one of this event, including the attorney who represented them at the time, with the result that a referee's decision, dated October 27, 1981, authorized home care for decedent and fixed a rate therefor. This decision was duly appealed with the result that the board held, in a determination dated August 16, 1982, that while decedent's condition was causally related to his former employment and he needed home care, more information to determine the extent of the care needed was necessary. Accordingly, the board rescinded the referee's decision of October 27, 1981 without prejudice, so that the record could be developed as to what type of home care was required by decedent.

At the resultant hearing, it was at least revealed in the course of claimant Morton Price's testimony that decedent had been dead for almost two years. The board subsequently rendered the decision appealed from, determining that no reimbursement was due claimants since no proof had been adduced that they had made any expenditures for decedent's care or lost any income as a result thereof. The referee's decision of October 27, 1981 was reinstated and reversed and the case was closed.

On this appeal, claimants contend that since the board's decision of August 16, 1982 stated the decedent's disability was causally related and that he needed home care, it follows that they are entitled to an award. This contention is meritless. The decision in question acknowledged decedent's need for home care, but held in abeyance its ultimate determination of this issue until it could be determined from further testimony what type of care he needed. The testimony at the hearing which resulted from this decision revealed that decedent was dead. The board's subsequent finding that he required no home care and that no award should be made was, obviously, a rational one.

Further, pursuant to section 123 of the Workers' Compensation Law, the board has continuing jurisdiction and may modify or change former findings, awards and decisions if justice would, in its opinion, be served thereby. Accordingly, the board has broad power to amend decisions (see *Matter of McNeil v Geary,* 105 AD2d 539), as it did here in reaching its final determination that claimants were not entitled to an award for their father's care.

Claimants also contend that the decision denying them benefits was not based on substantial evidence and should be overturned. This contention is similarly meritless. The record contains sufficient support for the finding (1) that no funds were expended by claimants for decedent's care, no home attendant ever having been retained for him, and (2) that claimants, decedent's sons, who were both unemployed since 1977, did not lose income as a result of their father's illness in that they did not give up their employment solely to devote themselves to his care, as they have alleged. This is especially true in view of the fact that claimants' credibility has been severely tarnished by their failure to disclose their father's death for a period of almost two years, during which time they were actively engaged in attempts to obtain money for his care. Accordingly, the board's decisions, ruling that no award is due claimants, should be affirmed.

Decisions affirmed, with costs to the Special Funds Conservation Committee. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.