■ In the Matter of the Claim of MATILDA GUARINO, Respondent, v TOWN OF ISLIP HIGHWAY DEPARTMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. P. Appeal from a decision of the Workers' Compensation Board, filed May 12, 1986.

The only issue to be resolved upon this appeal is whether the Workers' Compensation Board was authorized to reopen this case and award death benefits after a lapse of more than seven years from the date of death of claimant's decedent (see, Workers' Compensation Law § 123).

Claimant's decedent suffered a compensable heart attack on March 2, 1963, and died on August 31, 1969. His attending physician, Dr. John A. Matheson, filed a report of injury dated September 3, 1969 in which he stated that the fatal infarction in 1969 was causally related to the first work-induced heart attack of 1963. Claimant thereafter actively pursued her claim for death benefits, but inexplicably, Dr. Matheson refused to

honor notices, directions and subpoenas seeking his testimony at various hearings between 1972 and 1976. The services of another medical expert, Dr. Irwin Friedman, were obtained, but, again, he too refused to make himself available to testify as a witness at a hearing. As a result, a decision filed May 5, 1977 provided, "This case is closed until such time as medical evidence of causally related disability is submitted. Case closed." On August 1, 1980, claimant requested the Board to reopen the case based upon a request of Dr. Friedman dated July 25, 1980 in which he confirmed Dr. Matheson's opinion as to causal relationship. The request was granted and a hearing was held at which Dr. Friedman testified. Ultimately, the Board determined that there was substantial evidence, upon the entire record, that the case was not closed within the meaning of Workers' Compensation Law § 123, citing *Matter of Caputo v Ozone Metal Prods. Co.* (78 AD2d 738).

We agree that there was never a "true closing" of this case within the contemplation of the statute since further medical evidence was clearly intended. The unexplained delay in obtaining the report of Dr. Friedman does not detract from proper exercise of the discretion of the Board in adhering to the request for reopening *(see, Matter of Scalesse v Printing Adv. Corp.,* 30 NY2d 234, 237-238; *Matter of Price v New York City Tr. Auth.,* 106 AD2d 754, *lv denied* 64 NY2d 609).

Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.