■ In the Matter of the Claim of GLADSTONE T. FORD, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [811 NYS2d 167]—

Motion for permission to appeal to the Court of Appeals. Motion for reconsideration. Upon the papers filed in support of the motions and the papers filed in opposition thereto, it is ordered that the motion for permission to appeal to the Court of Appeals is denied, without costs, and it is further ordered that the motion for reconsideration is granted, without costs, and the memorandum and order dated and entered September 29, 2005 (21 AD3d 1232 [2005]) is vacated and the following memorandum and order is substituted therefor:

Peters, J.

Appeals (1) from a decision of the Workers' Compensation Board, filed February 27, 2004, which denied claimant's application to reopen his workers' compensation claim, and (2) from a decision of said Board, filed July 2, 2004, which denied claimant's application for reconsideration and/or full Board review.

Claimant, a public relations director, filed for workers' compensation benefits in April 1994, alleging that he had become afflicted with work-related posttraumatic stress disorder as a result of his employer's repeated harassing and discriminatory tactics. The employer controverted the claim and, after the receipt of testimony and medical evidence, claimant sought to withdraw it in March 1997, citing his pending parallel federal civil rights action based on the same allegations of employer misconduct. The application was granted by the workers' compensation law judge, and claimant's case was closed without any disposition on the merits.* Claimant took no further action with respect to the claim until March 2003, when he sought to reopen it. In February 2004, the Workers' Compensation Board denied this application after determining that it was barred by the strictures of Workers' Compensation Law § 123. In July 2004, the Board further denied claimant's application for reconsideration and/or full Board review of the Board's initial decision. Claimant now appeals and we affirm.

As an exception to the Board's continuing jurisdiction over workers' compensation claims, Workers' Compensation Law § 123 provides, in relevant part, that "no claim for compensation . . . that has been . . . disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determi-

---

* Claimant's federal action was apparently later dismissed.

nation was made on the merits, shall be reopened after a lapse of seven years from the date of the accident." As a factual determination for the Board to make, whether such cases fall within the ambit of this statute depends on whether they were truly closed, that is, if further proceedings, such as the submission of additional medical evidence, were contemplated by the Board (*see Matter of Carubia v Colt Indus. [Crucible Steel]*, 12 AD3d 827, 828 n [2004]; *Matter of Guarino v Town of Islip Highway Dept.*, 133 AD2d 881, 882 [1987]; cf. *Matter of Kirschner v Rowe, Walsh Assoc.*, 144 AD2d 191, 192 [1988]).

Here, the Board considered claimant's unequivocal, on-the-record March 1997 statement to the workers' compensation law judge that he wished to unconditionally withdraw his claim pending resolution of his federal action covering "substantially the same matters," rendering further Board proceedings unnecessary. Given the age of this claim, the absence of any dispute that claimant was duly noticed throughout the proceedings and the complete lack of evidence in the record that any specific additional proceedings were contemplated by the Board, we find that substantial evidence supports the Board's decision.

In reviewing the July 2, 2004 decision, we must consider whether the Board's denial of reconsideration and/or full Board review was arbitrary or capricious or an abuse of discretion (*see Matter of Bromley v Rich Aluminum & Vinyl Siding, Inc.*, 19 AD3d 895, 895 [2005]; *Matter of Rambally v Greenberg*, 14 AD3d 742, 743 [2005]). Inasmuch as claimant presented no new evidence in support of his application, and it readily appears from our review of the record that the Board fully considered the issue of whether claimant was entitled to reopen his case, we cannot say that the Board's decision was improper.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.