■ In the Matter of the Claim of KIM M. CAGLE, as Administrator of the Estate of JOHN R. CAGLE, Deceased, Appellant, v JUDGE MOTOR CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [874 NYS2d 328]—

Lahtinen, J. Appeals (1) from a decision of the Workers'

Compensation Board, filed October 1, 2007, which denied claimant's request to reopen two cases seeking workers' compensation benefits, and (2) from two decisions of said Board, filed July 24, 2008, which denied claimant's request for reconsideration or full Board review.

Decedent filed a claim for workers' compensation benefits after injuring his back in 1988 (hereinafter the first claim) and, before that case was resolved, he died from ventricular fibrillation in October 1990. Thereafter, a consequential death claim was added to the first claim, but a Workers' Compensation Law Judge found no medical evidence of causally related death and closed that case in June 1991. In September 1993, decedent's estate filed another claim alleging that decedent's death was caused by occupational stress (hereinafter the second claim). The second claim was eventually disallowed by the Workers' Compensation Board as time-barred pursuant to Workers' Compensation Law § 28, and we affirmed that decision (*Matter of Cagle v White Auto Parts*, 297 AD2d 897 [2002] [hereinafter *Cagle I*]). In 2003, claimant (one of decedent's daughters acting on behalf of his estate) requested that the first claim be reopened based on newly discovered evidence in the form of an updated doctor's report. This request was denied by the Board as untimely under Workers' Compensation Law § 123 and, on appeal, we affirmed (*Matter of Cagle v Judge Motor Corp.*, 31 AD3d 1016 [2006], *lv dismissed* 7 NY3d 922 [2006] [hereinafter *Cagle II*]).

In 2007, claimant requested that both claims be reopened based upon alleged further new evidence. The new evidence included a prescription drug benefit card sent by the State Insurance Fund (hereinafter SIF) in February 2007 to decedent (who had then been deceased for over 16 years). Claimant contended that the prescription card indicated that SIF was furnishing medical services that constituted an advanced payment of compensation, thereby waiving the time constraints of Workers' Compensation Law §§ 28 and 123. SIF responded that the card, which referenced decedent's back injury claim, had been sent in error and, in any event, could not be considered an advanced payment since it was impossible for decedent to use the card. The Board, noting that claimant's request was filed well beyond seven years from the date of accident or death, found that, pursuant to Workers' Compensation Law § 123, it lacked jurisdiction to reopen the claims and, accordingly, denied claimant's request to reopen as well as her later request for reconsideration. Claimant appeals.

We affirm. While the Board retains discretion to reopen its

prior determinations, limits are placed on that discretion by Workers' Compensation Law § 123 (*see Matter of Leary v NYC Bd. of Educ.*, 42 AD3d 712, 713-714 [2007]; *Matter of Ford v New York City Tr. Auth.*, 27 AD3d 792, 794 [2006], *lv dismissed* 7 NY3d 741 [2006]).* "[W]hether [claims] fall within the ambit of this statute depends on whether they were truly closed, that is, if further proceedings . . . were contemplated by the Board" (*Matter of Ford v New York City Tr. Auth.*, 27 AD3d at 794). Our decision in *Cagle I* upholds a decision from which no further proceedings were contemplated regarding the second claim. In *Cagle II*, we specifically upheld the Board's decision that the first claim was truly closed. Accordingly, both claims were truly closed, thus implicating Workers' Compensation Law § 123.

Claimant further contends that the statute does not control because decedent's estate was not afforded an opportunity to be heard. She premises this contention primarily upon her mother's declining health in the early 1990s, which she asserts prevented her mother (who died in 2000) from fully litigating the claim on behalf of decedent's estate. We held in *Cagle I* that substantial evidence supported the Board's finding that the mother was competent and able to manage both her day-to-day activities and legal affairs during the relevant time. It is undisputed that ample notice was given of the various hearings and, while the mother did not attend some of those hearings, one of her daughters appeared and no concern was raised by the daughter about proceeding. Since the record reveals ample opportunity to be heard, we find that the Board properly declined to reopen the claims under the constraints of Workers' Compensation Law § 123. Moreover, the prescription drug benefit card, which was clearly issued in error and upon which no payment was (or lawfully could be) made, did not serve under these circumstances to revive a claim already barred by the passage of time (*see Matter of Zumbo v Scarsdale Bus Corp.*, 43 AD2d 253, 254 [1974]). The remaining issues are unavailing.

Mercure, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.

---

* Workers' Compensation Law § 123 sets forth, in pertinent part, an exception to the Board's continuing jurisdiction in that "no claim for compensation or for death benefits that has been disallowed after a trial on the merits, or that has been otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident or death."