■ In the Matter of the Claim of PEGGY MAGIDSON, Appellant, v STRATEGIC TELEMARKETING, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [894 NYS2d 242]—

Kavanagh, J. Appeal from an amended decision of the Workers' Compensation Board, filed April 1, 2008, which ruled that claimant's claim could not be reopened pursuant to Workers' Compensation Law § 123.

In October 1993, claimant, who identified herself as president of her employer, a telemarketing company, filed a claim for workers' compensation benefits alleging that she was totally disabled

as a result of her exposure to toxic chemicals in the apartment where she worked. Her claim was disputed and, in May 1994, when neither claimant nor her attorney appeared for a scheduled hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that no medical evidence of a causally related disability had been presented and closed the case for failure to prosecute. More than one year later, the case was reopened after the Workers' Compensation Board received medical records in regard to this claim, and notices of a hearing to be held in December 1995 were mailed to claimant at addresses that she had previously provided on forms filed in connection with the claim, as well as to attorneys who had filed retainers signed by claimant indicating their representation of her in regard to this matter. Again, claimant failed to appear and the WCLJ, after conducting a hearing attended by an attorney claiming to represent claimant, noted that the claim was contested and continued it to a later date.

Two years later, a notice of retainer was filed by another attorney on claimant's behalf and a hearing was requested on her claim. Once again, notices were sent to claimant regarding the hearing date and, in March 1998, a third hearing was held on the claim. Claimant again failed to appear and the case was marked continued. Finally, in June 1998, a fourth hearing was noticed but, after claimant failed to appear, the case was closed and, in a decision filed August 11, 1998, the WCLJ stated that "[f]ailure to prosecute 4th non appearance. All present issues are resolved. No further action is planned by the Board at this time." Notice of this decision was mailed to claimant at two addresses that she had previously provided to the Board, as well as to each attorney who had filed a retainer with the Board on her behalf.

The matter remained closed for seven years until, in January 2006, claimant filed an application to reopen the claim. A hearing attended by claimant and her attorney was subsequently conducted, after which a WCLJ disallowed the claim, finding that it could not be reopened because 14 years had passed since the date of the accident and no determination on the merits of the claim had been made (see Workers' Compensation Law § 123). The Board affirmed the WCLJ's decision and claimant now appeals.

"While the Board retains discretion to reopen its prior determinations, limits are placed on that discretion by Workers' Compensation Law § 123" (*Matter of Cagle v Judge Motor Corp.*, 60 AD3d 1118, 1119-1120 [2009] [citations omitted], *lv dismissed* 13 NY3d 770 [2009]). In that regard, "no claim for

compensation . . . that has been otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident or death" (Workers' Compensation Law § 123; *see Matter of Leary v NYC Bd. of Educ.*, 42 AD3d 712, 713-714 [2007]). Claimant argues that even though the statutory time periods have passed since her accident and no determination had been made on the claim, it should be reopened because she insists that she was never served with the decision closing the claim for failure to prosecute or notified of the hearings that were conducted in regard to it. As such, she argues that she has not been provided with an opportunity to be heard on the claim and the time limits incorporated in Workers' Compensation Law § 123 should not be applied to this claim.

The Board's determination that claimant was notified of the numerous hearings that were scheduled and, in some instances, conducted on this matter, as well as the decision closing her claim for failure to prosecute, is supported by substantial evidence (*see Matter of Cagle v Judge Motor Corp.*, 60 AD3d at 1120; *Matter of Ford v New York City Tr. Auth.*, 27 AD3d 792, 794 [2006], *lv dismissed* 7 NY3d 741 [2006]). It is uncontroverted that notices of each hearing were sent to addresses that claimant had provided when she initiated this matter before the Board seeking compensation on her claim. Significantly, claimant has since acknowledged receiving mail at these addresses during the relevant time periods and, in fact, used one of them in her 2007 application for full Board review. We also note that her attorneys were notified and one attorney actually appeared on her behalf at the hearing held in June 1998. Based on this evidence, we see no reason to disturb the Board's finding that claimant was provided with notice of these proceedings and was given an opportunity to be heard.

Claimant also asserts that, even if the Board properly concluded that Workers' Compensation Law § 123 applied to this matter, her claim should be reopened as against the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. However, the passing of liability to the Special Fund under Workers' Compensation Law § 25-a is specifically made "subject to the provisions of [Workers' Compensation Law § 123]" (Workers' Compensation Law § 25-a [1]; *see Matter of Kaplan v Wirth & Birnbaum*, 301 NY 121, 125 [1950]), and these two statutes, when read together, lead "to the logical and inescapable conclusion that the Legislature intended to relieve

the Special Fund of liability for, and to put at rest, stale claims attempted to be reasserted after seven years by claimants who had failed to make out a case in contested hearings or had failed even to attempt to assert their claims after due notice and an opportunity to be heard" (*Kaplan v Wirth & Birnbaum*, 301 NY at 126; *see Matter of D'Ornellas v Roger Maffei, Inc.*, 77 AD2d 763, 763 [1980]; *Matter of Harley v Walsh Constr. Co.*, 14 AD2d 614, 617 [1961]). Thus, the Board properly declined to reopen the claim pursuant to Workers' Compensation Law § 25-a.

Claimant's remaining contentions have been reviewed and found to be lacking in merit.

Cardona, P.J., Peters, Rose and McCarthy, JJ., concur. Ordered that the amended decision is affirmed, without costs.