■ In the Matter of the Claim of PAUL RUNGE, Respondent, v NATIONAL BASEBALL LEAGUE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [940 NYS2d 346]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed January 5, 2011, which, among other things, ruled that Workers' Compensation Law § 123 does not bar further proceedings regarding the claim.

Claimant, a major league baseball umpire, allegedly injured his right knee while umpiring a game in May 1992. The

employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) did not contest claimant's right to compensation, and accident and notice was established by the Workers' Compensation Board in October 1992. The Board did not reach the merits of the claim at that time and closed the case "without prejudice until [a] proper medical report is filed." The record reflects that the employer thereafter paid numerous causally related medical bills from 1992 to 2003. In 2004, the employer disputed certain medical bills and sought relief from the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. Subsequently, it also raised the issue that the claim was barred pursuant to Workers' Compensation Law § 123. Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) withheld decision pending claimant's submission of both proof that the employer paid his medical bills and prima facie medical evidence. No further action was taken until 2009, when the employer again raised, among other things, the applicability of Workers' Compensation Law § 123 after claimant submitted medical evidence of his injury. Ultimately, the WCLJ found that Workers' Compensation Law § 123 was inapplicable. On review, the Board, among other things, affirmed the WCLJ's determination and the employer now appeals.

We affirm. Workers' Compensation Law § 123 states, as relevant here, that "no claim for compensation . . . that has been otherwise disposed of without an award after the parties in interest have been given . . . [an] opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident." "As a factual determination for the Board to make, whether such cases fall within the ambit of this statute depends on whether they were truly closed, that is, if further proceedings, such as the submission of additional medical evidence, were contemplated by the Board" (*Matter of Ford v New York City Tr. Auth.*, 27 AD3d 792, 794 [2006], *lv dismissed* 7 NY3d 741 [2006] [citations omitted]; *accord Matter of Cagle v Judge Motor Corp.*, 60 AD3d 1118, 1120 [2009], *lv dismissed* 13 NY3d 770 [2009]).

Here, the employer claims that the case was truly closed in October 1992 or, alternatively, in June 2005. In October 1992, the case was closed "without prejudice" pending the filing of medical reports. There is nothing in the record indicating that the claim was contested by the employer or dismissed for a lack of medical evidence. In June 2005, following the employer's challenge to several medical bills from 2003 and 2004 and its

request for relief from the Special Fund, the WCLJ found that there was insufficient medical evidence in the record to make a determination. The WCLJ concluded that no further action was planned "until claimant produces a letter of actual payment of medical bills by [the employer] and prima facie medical [evidence]." As the record demonstrates that the submission of additional medical evidence was contemplated in 1992 and 2005, we conclude that the Board's finding that the case was not truly closed is supported by substantial evidence (*see Matter of Guarino v Town of Islip Highway Dept.*, 133 AD2d 881, 882 [1987]; *Matter of Caputo v Ozone Metal Prods. Co.*, 78 AD2d 738, 739 [1980]). Accordingly, the Board's decision that Workers' Compensation Law § 123 is inapplicable will not be disturbed (*see Matter of Carubia v Colt Indus. [Crucible Steel]*, 12 AD3d 827, 828 n [2004]).

Peters, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.