■ In the Matter of the Claim of PAUL RUNGE, Appellant, v NATIONAL LEAGUE OF BASEBALL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [960 NYS2d 521]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed January 5, 2011, which, among other things, dismissed claimant's 1997 workers' compensation claim as time-barred.

As relevant to this appeal, claimant injured both knees while on a treadmill as part of an annual physical in March 1997. The employer and its workers' compensation carrier did not controvert the claim, but submitted a form C-669 in February 1998 indicating that payment had not begun because there was no lost time beyond seven days. Claimant did not appear at an April 1998 hearing and the case was closed. Nonetheless, the carrier continued paying medical expenses into 2002 related to the injury and, in April 2004, claimant sought to reopen the claim by seeking authorization for a total left knee arthroplasty. The carrier put the Special Fund for Reopened Cases on notice and raised the applicability of Workers' Compensation Law § 123. A Workers' Compensation Law Judge found that the case had been truly closed in April 1998 and, therefore, Workers' Compensation Law § 123 served to bar further proceedings. The

Workers' Compensation Board affirmed,* and claimant now appeals.

Workers' Compensation Law § 123 presents an exception to the Board's continuing jurisdiction over compensation claims wherein, as relevant here, "no claim for compensation . . . that has been disallowed after a trial on the merits, or that has been otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident" (*see Matter of Ford v New York City Tr. Auth.*, 27 AD3d 792, 793-794 [2006], *lv dismissed* 7 NY3d 741 [2006]). Although the instant claim was closed in April 1998, claimant has proffered evidence—and the employer and carrier do not dispute—that the carrier reimbursed medical expenses associated with the claim between December 1997 and February 2002. We have previously indicated that where a carrier voluntarily pays for causally related medical treatments during the relevant time period, it should not be permitted to then use Workers' Compensation Law § 123 with regard to such time (*see Matter of Schneider v Durst Mfg. Co.*, 265 App Div 1022, 1022-1023 [1943]; *see also Employer: Northern Manhattan Nursing Home*, 2010 WL 2593681, *2, 2010 NY Wrk Comp LEXIS 5409, *3-5 [WCB No. 0004 3228, June 23, 2010]; *Employer: City of Glen Cove*, 2007 WL 4111771, *2, 2007 NY Wrk Comp LEXIS 10119, *3-5 [WCB No. 2931 9950, Nov. 13, 2007]; *cf. Matter of D'Ornellas v Roger Maffei, Inc.*, 77 AD2d 763, 763 [1980]). Accordingly, the determination must be modified by reversing so much as found that claimant's 1997 claim was barred by the application of Workers' Compensation Law § 123.

Peters, P.J., Garry and Egan Jr., JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as ruled that Workers' Compensation Law § 123 applies to claimant's 1997 workers' compensation claim No. 0976 2335; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* In its decision, the Board determined two separate claims of claimant and we recently addressed the companion claim (*Matter of Runge v National Baseball League*, 93 AD3d 1015 [2012]).