Spain, J.
Appeal from a decision of the Workers’ Compensation Board, filed December 29, 2011, which, among other things, ruled that the employer’s application for review of a Workers’ Compensation Law Judge’s decision was untimely.
Claimant, a probationary police officer, purportedly sustained a work-related right knee injury in 1994. Her workers’ compensation claim was controverted by the self-insured employer and, in 1995, was marked closed due to a lack of prima facie medical evidence. No further action was taken until 2011, when claimant submitted a medical report documenting her injury. A Workers’ Compensation Law Judge thereafter established the claim in a June 2011 decision, finding that the employer waived its defenses by failing to appear at a hearing. The employer filed an application for review in September 2011, arguing that the Workers’ Compensation Board lacked jurisdiction over the claim pursuant to Workers’ Compensation Law § 123. Shortly thereafter, the employer also sought review of a September 2011 Workers’ Compensation Law Judge decision that penalized it for failing to make payments ordered by the June 2011 decision. The Board denied the employer’s application for review from the June 2011 decision as untimely, and affirmed the September 2011 decision (see Workers’ Compensation Law § 23; 12 NYCRR 300.13).
Upon the employer’s appeal, we reverse. The employer does not dispute that its application for review from the June 2011 decision was untimely; it contends, however, that the Board’s refusal to consider a nonwaivable, albeit untimely, jurisdictional issue regarding Workers’ Compensation Law § 123 constituted an abuse of discretion. “The general rule is that lack of jurisdiction to render a judgment or determination may be asserted at *1168 any time” (Matter of Doey v Howland Co., 224 NY 30, 38 [1918]; see Matter of Ahern v South Buffalo Ry. Co., 303 NY 545, 551 [1952]). Accordingly, “[w]hile the Board enjoys broad discretion to reject a late application for review,” its refusal to consider an untimely challenge to its jurisdiction may constitute an abuse of discretion (Matter of Minogue v International Bus. Machs. Corp., 214 AD2d 820, 821 [1995]).
While the Board generally retains continuing jurisdiction over workers’ compensation claims, it is barred from reopening a claim “that has been . . . disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, . . . [where there has been] a lapse of seven years from the date of the accident” (Workers’ Compensation Law § 123; see Matter of Cagle v Judge Motor Corp., 60 AD3d 1118, 1119-1120 [2009], lv dismissed 13 NY3d 770 [2009]). Workers’ Compensation Law § 123 accordingly acts to “prevent a brand new attempt to prove up a stale claim” (Matter of Stimburis v Levitón Mfg. Co., 5 NY2d 360, 367 [1959]), and deprives the Board of “power and jurisdiction” over such an attempt (Workers’ Compensation Law § 123; see Matter of Ford v New York City Tr. Auth., 27 AD3d 792, 793-794 [2006], lv dismissed 7 NY3d 741 [2006]). Given the age of the claim here and the fact that it was marked closed in 1995, the employer plausibly argues that the Board lacked jurisdiction to reopen the present claim. The Board abused its discretion in refusing to consider the employer’s untimely application for review under these circumstances, and we remit this matter so that the Board may address the merits of that application and determine if the claim had been truly closed in 1995 (see Matter of Runge v National Baseball League, 93 AD3d 1015, 1016 [2012]). Inasmuch as the foregoing places an initial “application . . . for a modification, rescission or review of [the] award” before the Board, its imposition of a penalty against the employer must also be reversed (Workers’ Compensation Law § 25 [3] [f]; cf. Matter of Lehsten v NACM-Upstate N.Y., 93 NY2d 368, 372-373 [1999]).
Rose, J.R, Stein and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.