Matter of Holsopple v United Parcel Serv. (2018 NY Slip Op 08612)





Matter of Holsopple v United Parcel Serv.


2018 NY Slip Op 08612


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526691

[*1]In the Matter of the Claim of GEORGE HOLSOPPLE, Respondent,
v
UNITED PARCEL SERVICE, Respondent, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: November 19, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.


Special Funds Conservation Committee, New York City (Jill B. Singer of counsel), for appellant.
Kirk & Teff, LLP, Kingston (Justin S. Teff of counsel), for George Holsopple, respondent.
Barbara D. Underwood, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a decision of the Workers' Compensation Board, filed December 19, 2017, which ruled that Workers' Compensation Law § 123 does not bar further proceedings regarding the claim.
In April 1996, claimant injured his back while working inside of his employer's truck. In July 1997, a Workers' Compensation Law Judge (hereinafter WCLJ) awarded claimant $1,120 for disability from April 30, 1996 to May 20, 1996, found no further compensable lost time, authorized symptomatic treatment for the back injury and closed the case. In 2003, liability for the claim was shifted to the Special Fund for Reopened Cases and necessary medical care was authorized.
In April 2012, claimant submitted a request for further action seeking a hearing regarding lost time benefits, stating that he was not working as of February 6, 2011 and that two [*2]doctors had reported that he suffers from a 25% disability. In May 2012, a surgeon submitted a request for authorization for decompression and posterolateral fusion surgery on claimant's back. Following several hearings, the surgery was authorized in September 2012, but claimant's request for lost time benefits was not addressed. Claimant did not undergo the surgery until January 31, 2017, after which he submitted a request for further action seeking lost time benefits. During the related hearing, claimant sought that the time period from October 31, 2001 to January 31, 2017 be held in abeyance on the question of reduced earnings and that awards be granted from January 31, 2017 ongoing. The Special Fund argued that the claim was truly closed as of April 2014 and that any reopening was barred by Workers' Compensation Law § 123. The WCLJ found, among other things, that Workers' Compensation Law § 123 did not apply because the case was never truly closed. Upon review, the Workers' Compensation Board affirmed, and the Special Fund now appeals.
We affirm. "Workers' Compensation Law § 123 prohibits an award of benefits against the Special Fund after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation" (Matter of Riley v P & V Sadowski Constr., 104 AD3d 1039, 1039 [2013] [internal quotation marks and citation omitted]; see Matter of Dudek v Victory Mkts., 126 AD3d 1274, 1276 [2015]). "This 'eighteen-and-eight'-year time limitation applies only to cases which have been closed and are being reopened, but would not bar a new claim or continuing consideration of an open case" (Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d 747, 751 [1995] [citation omitted]). "Whether a case has been truly closed is a question of fact for the Board and depends upon whether further proceedings are contemplated at the time of the closing" (Matter of Cagle v Judge Motor Corp., 31 AD3d 1016, 1017 [2006] [internal quotation marks and citations omitted], lv dismissed 7 NY3d 922 [2006]; see Matter of Riley v P & V Sadowski Constr., 104 AD3d at 1039).
Here, back surgery was authorized in September 2012. The surgeon detailed that the surgery involved placing pedicle screws in claimant's back and that he would need to wear a back brace for four months. The record also reflects that claimant was working at that time. In light of the nature of the surgery authorized and the fact that claimant was employed at the time, as well as the fact that in April 2012 he had raised issues regarding a 25% disability and compensable lost time, the Board's determination that the case was not truly closed because further proceedings were contemplated when the surgery was authorized is supported by substantial evidence (see Matter of Riley v P & V Sadowski Constr., 104 AD3d at 1040; compare Matter of Rathbun v D'Ella Pontiac Buick GMC, Inc., 61 AD3d 1293, 1294-1295 [2009]). Accordingly, its decision that the provisions of Workers' Compensation Law § 123 are not applicable will not be disturbed (see Matter of Runge v National Baseball League, 93 AD3d 1015, 1017 [2012]; Matter of Caputo v Ozone Metal Prods. Co., 78 AD2d 738, 739 [1980]). Further, we reject the Special Fund's contention that the Board's decision was arbitrary and capricious for failing to follow its own precedent, inasmuch as the cases cited in support are factually distinguishable (see Matter of Isaacs v Fleet Fin. Servs., 8 AD3d 879, 880 [2004]; Matter of Malone v Bob Bernhardt Paving, 1 AD3d 781, 782 [2003], affd 2 NY3d 756 [2004]).
McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.
ORDERED that the decision is affirmed, without costs.