Matter of Zimniak v Consolidated Edison (2019 NY Slip Op 00648)





Matter of Zimniak v Consolidated Edison


2019 NY Slip Op 00648


Decided on January 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 31, 2019

525910

[*1]In the Matter of the Claim of JOHN ZIMNIAK, Appellant,
v
CONSOLIDATED EDISON, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 7, 2019

Before: Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ.


Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, New York City (Michael K. Gruber of counsel), for appellant.
Cherry, Edson & Kelly, LLP, Tarrytown (Ralph E. Magnetti of counsel), for Consolidated Edison, respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed January 30, 2017, which ruled that the reopening of the claim was barred by Workers' Compensation Law § 123.
In July 1998, claimant, a welder, filed a claim for workers' compensation benefits alleging that he suffered from asbestosis and occupational chronic lung condition due to frequent exposure to asbestos, dust, sand, chemicals, smoke and fumes while working. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) marked the claim as "no further action planned by the [Workers' Compensation] Board at this time" and found "[n]o prima facie medical evidence."
In March 2014, claimant requested that the claim be reopened based upon prima facie evidence of "chronic respiratory disease due to fumes and solvents from work such as from welding fumes, construction dust, and numerous solvents and cleaning agents used in his work." The employer argued, among other things, that the claim was barred pursuant to Workers' Compensation Law § 123. A WCLJ set the date of disablement as February 4, 2014, the date that claimant stopped working, and established the claim for occupational disease involving chronic respiratory disease and reactive airway dysfunction syndrome. Upon review, the Board set the date of disablement as July 28, 1998, the date that claimant filed the claim, and concluded that the claim was barred pursuant to Workers' Compensation Law § 123 because more than seven years had lapsed since the date of disablement. Claimant appeals, contending that Workers' Compensation Law § 123 is inapplicable because the claim was never truly closed.
We affirm. Although the Board generally retains jurisdiction over workers' compensation claims, "no claim for compensation . . . that has been disallowed after a trial on the merits, or that has been otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of accident" (Workers' Compensation Law § 123; see Matter of Runge v National League of Baseball, 103 AD3d 991, 992 [2013])[FN1]. "Whether claims fall within the ambit of this statute depends on whether they were truly closed, that is, if further proceedings were contemplated by the Board" (Matter of Cagle v Judge Motor Corp., 60 AD3d 1118, 1120 [2009] [internal quotation marks, brackets, ellipsis and citation omitted], lv dismissed 13 NY3d 770 [2009]; see Matter of Riley v P & V Sadowski Constr., 104 AD3d 1039, 1039-1040 [2013]). In determining whether a case is truly closed, the particular terminology used by the Board in closing the case is not determinative (see Matter of Scalesse v Printing Adv. Corp., Enters. Print Div., 30 NY2d 234, 237 [1972]; Matter of Buffam v Syracuse Univ., 12 AD3d 887, 888 [2004]).
Here, the WCLJ's decision issued in 1999 indicated that the case was closed due to a lack of prima facie medical evidence supporting the claim. There is no indication in the record that the claim was closed in contemplation of claimant presenting further medical evidence or any other specific proceeding, and there were no outstanding directions from the Board (compare Matter of Riley v P & V Sadowski Constr., 104 AD3d at 1040; Matter of Runge v National Baseball League, 93 AD3d 1015, 1016-1017 [2012]; Matter of Kirschner v Rowe, Walsh Assoc., 144 AD2d 191, 192 [1988]; Matter of Guarino v Town of Islip Highway Dept., 133 AD2d 881, 881-882 [1987]). Moreover, claimant has not explained why evidence of a causally-related occupational disease could not have been produced until 2014. Claimant testified that he was a plaintiff in a class action lawsuit against an asbestos manufacturer in 1998 due to him contracting asbestosis and that he received a settlement as a result. The record contains a 2002 medical report related to the third-party lawsuit in which the examining physician opined that the parenchymal abnormalities detected on claimant's X rays were related to claimant's "history of occupational exposure to asbestos" (see Matter of Cagle v Judge Motor Corp., 31 AD3d 1016, 1017-1018 [2006], lv dismissed 7 NY3d 922 [2006]). Under these circumstances, we find no basis to disturb the Board's finding that there were no further proceedings contemplated in 1999, that the claim was therefore truly closed at that time and that reopening is barred by Workers' Compensation Law § 123 (see Matter of Cagle v Judge Motor Corp., 31 AD3d at 1017-1018; Matter of Ford v New York City Tr. Auth., 27 AD3d 792, 794 [2006], lv dismissed 7 NY3d 741 [2006]; see also Matter of Rodriguez v Metal Cladding, Inc., 104 AD3d 1045, 1045 [2013]).
Egan Jr., J.P., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: As relevant here, "[w]hen addressing an occupational disease, the seven-year period referred to in section 123 runs from the date of disablement" (Matter of Leary v NYC Bd. of Educ., 42 AD3d 712, 714 [2007]; see Workers' Compensation Law § 38).