Matter of Cozzi v American Stock Exch. (2019 NY Slip Op 03856)





Matter of Cozzi v American Stock Exch.


2019 NY Slip Op 03856


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

526254

[*1]In the Matter of the Claim of GUY COZZI, Appellant,
v
AMERICAN STOCK EXCHANGE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: March 28, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.


Guy Cozzi, Greenwich, Connecticut, appellant pro se.
Fischer Brothers, New York City (Martin Krutzel of counsel), for American Stock Exchange and another, respondents.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed January 19, 2018, which denied claimant's application to reopen his workers' compensation claim.
In 2014, claimant registered as a participant in the World Trade Center rescue, recovery and/or cleanup operations with the Workers' Compensation Board (see Workers' Compensation Law § 162) and filed a claim for workers' compensation benefits for injuries suffered at the site. Following a September 2015 hearing, a Workers' Compensation Law Judge determined that claimant was not a participant in the rescue, recovery or cleanup operations at the World Trade Center site pursuant to Workers' Compensation Law § 161 and, because his claim was not filed by September 11, 2003 — i.e., within two years of September 11, 2001 — it was barred as untimely. The Workers' Compensation Law Judge further found that the exception contained in Workers' Compensation Law article 8-A to the general two-year filing requirement was inapplicable [FN1]. On review, the Board affirmed in a February 2016 decision, and claimant applied for reconsideration and/or full Board review. The application was denied, and claimant appealed only from that decision. This Court affirmed, finding that the denial was not arbitrary, capricious [*2]or constituted an abuse of discretion (148 AD3d 1500 [2017], lv dismissed 30 NY3d 937 [2017]).
In 2017, claimant applied to the Board for a reopening of the claim. In his application, claimaint asserted that, in addition to the activities related to the cleanup of the site that he raised in his initial application for benefits, he also voluntarily provided drinks to workers involved in the cleanup of the site. The Board found that "[b]ecause the claim was disallowed by the [Board] after a trial on the merits, a decision which . . . claimant did not appeal to the Appellate Division, and the claim arises out of the events of September 11, 2011 (which occurred more than seven years ago), the Board
. . . is divested of jurisdiction." Accordingly, the Board concluded that it did not have the authority to rehear or reopen the claim. Claimant appeals.
"Whether to reopen a case is a matter committed to the Board's sound discretion, and its decision will not be disturbed on appeal absent an abuse thereof" (Matter of Pucci v DCH Auto Group, 90 AD3d 1255, 1255-1256 [2011]; see Matter of Thomas v Crucible Materials Corp., 73 AD3d 1323, 1324 [2010]; Matter of Cagle v Judge Motor Corp., 31 AD3d 1016, 1017 [2006], lv dismissed 7 NY3d 922 [2006]). Workers' Compensation Law § 123, however, places limits on that discretion (see Matter of Magidson v Strategic Telemarketing, Inc., 70 AD3d 1217, 1218 [2010], lv dismissed 15 NY3d 867 [2010]). In this regard, Workers' Compensation Law § 123 provides that "no claim for compensation . . . that has been disallowed after a trial on the merits, or that has been otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident."
We find that the Board did not abuse its discretion in determining that it was without jurisdiction to reopen the claim. The record reflects that claimant's application to reopen his claim was not made within the required time frame as set forth in Workers' Compensation Law § 123. As such, we conclude that the Board's decision was proper (see Matter of Ford v New York City Tr. Auth., 27 AD3d 792, 794 [2006], lv dismissed 7 NY3d 741 [2006]).
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: "Workers' Compensation Law article 8—A was enacted to remove statutory obstacles to timely claims filing and notice for latent conditions resulting from hazardous exposure for those who worked in rescue, recovery or cleanup operations following the World Trade Center September 11th, 2001 attack" (Matter of Williams v. City of New York, 66 AD3d 1203, 1204 [2009] [internal quotation marks and citation omitted]) and extended the deadlines for claimants to file for coverage so long as a claimant satisfied certain elements.