Matter of Smith v New York State Dept. of Corr. (2019 NY Slip Op 04068)





Matter of Smith v New York State Dept. of Corr.


2019 NY Slip Op 04068


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

527347

[*1]In the Matter of the Claim of RALPH E. SMITH, Claimant,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 2, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


William O'Brien, State Insurance Fund, Buffalo (Thomas P. Etzel of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed November 29, 2017, which ruled that Workers' Compensation Law § 123 does not bar further proceedings regarding the claim, and (2) from a decision of said Board, filed January 24, 2018, which denied the request of the workers' compensation carrier for reconsideration and/or full Board review.
Claimant filed a workers' compensation claim in connection with a bilateral knee injury that he sustained in a January 1993 accident, and his case was established for accident, notice and causal relationship. In February 1998, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision finding that claimant had a schedule loss of use of 15% of the left leg and 6.25% of the right leg, awarded him benefits for 35.6 weeks and closed the case. Upon determining that the WCLJ had miscalculated the award and that claimant was entitled to 61.2 weeks of benefits, the State Insurance Fund, acting on behalf of the employer (hereinafter collectively referred to as the SIF), contacted the Workers' Compensation Board a number of times between January 1999 and October 2000 seeking the issuance of an amended decision correcting this error. The Board did not respond or issue an amended decision. Notably, SIF paid benefits to claimant for 61.2 weeks, instead of the 35.6 weeks set forth in the WCLJ's decision, and stopped making payments on February 10, 1998.
In October 2015, claimant had surgery consisting of a total left knee replacement. Additional proceedings were conducted in his [*2]workers' compensation case after his surgeon submitted a report indicating that claimant had a schedule loss of use of 55% of his left leg. During a hearing before a WCLJ, SIF maintained that, because the file was 18 years old and more than eight years had elapsed since the last payment of compensation, any further award was precluded by Workers' Compensation Law § 123. The WCLJ, however, rejected this argument, finding that there had never been a true closing of the case, and proceeded to award claimant a 55% schedule loss of use of the left leg in addition to prior awards. On appeal, a panel of the Board affirmed the WCLJ's decision. SIF made an application for reconsideration and/or full Board review, and the Board denied this application. SIF appeals from both decisions.
Initially, the applicability of Workers' Compensation Law § 123 turns upon whether there has been a true closing of the case, which is a factual issue for the Board to resolve (see Matter of Riley v P & V Sadowski Constr., 104 AD3d 1039, 1039 [2013]; Matter of Ford v New York City Tr. Auth., 27 AD3d 792, 794 [2006], lv dismissed 7 NY3d 741 [2006]), and its decision in this regard will be upheld if supported by substantial evidence (see Matter of Scalesse v Printing Adv. Corp., Enters. Print. Div., 30 NY2d 234, 238 [1972]). Integral to such determination is whether further proceedings in the case were contemplated by the Board at the time that it was purportedly closed (see Matter of Ziminiak v Consolidated Edison, 168 AD3d 1321, 1322 [2019]; Matter of Holsopple v United Parcel Serv., 167 AD3d 1220, 1221 [2018]; Matter of Riley v P & V Sadowski Contr., 104 AD3d at 1039-1040).
Here, the WCLJ's decision reflects that claimant did not undergo a protracted healing period, and the findings, which included the schedule loss of use awards, were made upon the stipulation of the parties [FN1]. Although not dispositive (see Matter of Scalesse v Printing Adv. Corp., Enters. Print. Div., 30 NY2d at 237; Matter of Zimniak v Consolidated Edison, 168 AD3d at 1322), the WCLJ characterized the case as closed. Significantly, there is nothing in the record to suggest that further proceedings were contemplated by the Board after this time (see Matter of Dudek v Victory Mkts., 126 AD3d 1274, 1275 [2015]; Matter of Ford v New York City Tr. Auth., 27 AD3d at 794; compare Matter of Holsopple v United Parcel Serv., 167 AD3d at 1221; Matter of Riley v P & V Sadowski Constr., 104 AD3d at 1040). Although SIF made subsequent attempts to have the Board issue an amended decision reflecting the proper number of weeks that claimant was entitled to receive benefits, the Board's failure to respond is indicative of its lack of intention of conducting any further proceedings in the case. Moreover, any corrective action that would have been taken by the Board in this regard was purely ministerial, as the parties were in agreement as to the number of weeks for which claimant was entitled to receive benefits and SIF had already paid claimant in accordance therewith (see e.g. Employer: Elmhurst Hosp., 2013 WL 2371963, *3-4, 2013 NY Wrk Comp LEXIS 4987, *8-9 [WCB No. 0977 5209, May 28, 2013]; Employer: Department of Corrections, 2010 WL 3233950, *2, 2010 NY Wrk Comp LEXIS 7041 *4-5 [WCB No. 0011 1355, Aug. 16, 2010]). Accordingly, we find that substantial evidence fails to support the Board's finding that there was not a true closing of the case and, as such, Workers' Compensation Law § 123 applies to preclude further awards.
In view of the foregoing, SIF's appeal from the denial of its application for reconsideration and/or full Board review is rendered academic.
Garry, P.J., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the decision filed November 29, 2017 is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the decision filed January 24, 2018 is dismissed, as academic, without costs.



Footnotes

Footnote 1: Notably, it appears that, by March 1997, claimant had returned to work at full pay.